UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF FLORIDA

CASE NO. 12-80582-CIV-MARRA

ANGELA MAHARAJ, as Natural Parent
and Guardian of Kameran Maharaj, a minor,

      Plaintiff,

vs.

GEICO CASUALTY COMPANY,

      Defendant.

_____/

**<u>ORDER</u>**

THIS CAUSE is before the Court upon the following motions *in limine*:

1.      Plaintiff's First Motion *in Limine* [DE 61];

2.      Plaintiff's Second Motion *in Limine* Regarding Expert Testimony [DE 62];

3.      Plaintiff's Third Motion *in Limine* and Memorandum of Law Regarding Payment

of the Bodily Injury Liability Policy Limits [DE 63];

4.      Plaintiff's Fourth Motion *in Limine* to Exclude Opinion Testimony Regarding

Motives or State of Mind [DE 64];

5.      Plaintiff's Fifth Motion *in Limine* [DE 65];

6.      GEICO Casualty Company's First Motion *in Limine* to Exclude Improper

Questioning and/or Testimony by Counsel [DE 66];

7.      GEICO Casualty Company's Second Motion *in Limine* Excluding Evidence

Regarding the Impact of Kameran Maharaj's Injuries Allegedly Resulting From

1

the Underlying Accident [DE 67];

8.     GEICO Casualty Company's Third Motion *in Limine* Regarding Expert

Testimony [DE 69];

9.     GEICO Casualty Company's Fourth Motion *in Limine* Regarding the 2008

Changes to GEICO's Standard Form Release [DE 70];

10.    GEICO Casualty Company's Fifth Motion *in Limine* to Preclude Plaintiff from

Attempting to Utilize Testimony or Evidence From Other Cases to Imply Bad

Faith in the Instant Action [DE 71];

11.    GEICO Casualty Company's Sixth Motion *in Limine* Regarding the Use of

GEICO's Claims Manuals or Training Materials as Evidence That GEICO

Breached its Duty of Good Faith [DE 72];

12.    GEICO Casualty Company's Seventh Motion *in Limine* Regarding Disciplinary

Employment Actions or Inactions Taken Against Matt Green, or any other GEICO

Employee, in Relation to this Claim, or Any Other Claim [DE 73].

All motions have been fully briefed and are ripe for this Court's review.  The Court has reviewed all papers submitted in connection with these motions, the entire file, and is otherwise duly advised in the premises.

## **Plaintiff's First Motion *in Limine* [DE 61]**

Plaintiff moves *in limine* to preclude GEICO from presenting evidence, eliciting testimony, or making any references related to attorney Ken Metnick's practices in representing other personal injury claimants, particularly Surenda Maharaj. [DE 61].  Plaintiff notes that she anticipates that GEICO will raise the fact that Surenda settled his claim despite the inclusion of

an indemnification clause in his release.

Plaintiff's concerns are valid, as GEICO makes clear in its responding papers that it intends to do just that. [DE 74]. GEICO also argues that it should be permitted to use Surendra's release to impeach Mr. Metnick when he testifies at the trial. [DE 74 at ¶5].

The Court considers it premature to rule whether and to what extent this testimony can be used during the trial. Nevertheless, the Court has sufficient concerns relative to its admissibility that the motion will be granted without prejudice. Defendant is not to make reference to attorney Ken Metnick's practices in representing other personal injury claimants, particularly Surendra Maharaj, during its opening statement to the jury. Should Defendant seek to use this testimony during the trial, Counsel shall advise the Court outside the presence of the jury before any such use.

### Plaintiff's Second Motion *in Limine* Regarding Expert Testimony [DE 62]

Plaintiff's Second Motion *In Limine* seeks to have the Court exclude the testimony of GEICO's expert witness, John Bond Atkinson. Plaintiff argues that Mr. Atkinson is not qualified to offer expert testimony, and his opinions are unreliable. [*Id*. at ¶7]. Plaintiff's position is that Mr. Atkinson, an attorney, is unqualified because he has not worked directly for an insurance company; has never been licensed as an insurance adjuster; and has never handled claims in-house. [*Id.* at ¶¶12-13].

Plaintiff further argues that Mr. Atkinson's testimony is unreliable because he is biased in favor of insurance companies. [*Id*. at ¶16]. Plaintiff notes that Mr. Atkinson has only represented a non-insurance company once in his 38-year practice. [*Id*.].

GEICO responds that Mr. Atkinson has extensive experience and expertise in the areas of

3

insurance claims and litigation.  A large percentage of his work has been in the area of insurance

coverage and bad faith litigation.  For more than 15 years, he has provided training and

instruction to hundreds of claims personnel, underwriters and claims supervisors and executives

of various insurance carriers and reinsurers concerning Florida's law regarding good faith claims

handling.  He is certified by the Florida Department of Financial Services to conduct continuing

education classes for Florida Licensed Insurance Adjusters and has obtained certification of three

programs dealing with Good/Bad Faith claims handling.  He has testified as an expert in previous

bad faith cases. He has published articles on bad faith claims in Florida.  [DE 75-2].

Nothing presented by Plaintiff establishes that Mr. Atkinson should be precluded from

testifying in this case at this time.  It appears that Plaintiff's objections go to credibility and

weight, not admissibility.  The Court will deny Plaintiff's motion without prejudice.  Plaintiff can

raise any appropriate objections at the time of trial.

### Plaintiff's Third Motion *in Limine* and Memorandum of Law Regarding Payment of the Bodily Injury Liability Policy Limits [DE 63]

Plaintiff seeks to preclude GEICO from introducing evidence that subsequent to the verdict

in the underlying action, GEICO paid its $10,000 policy limits in partial satisfaction of the

verdict.  Plaintiff argues that this is irrelevant.  In the alternative, Plaintiff argues that any slight

probative value is outweighed by the risk of undue prejudice or confusion for the jury. [DE 63].

GEICO responds that Plaintiff's motion is premature and not the proper subject of a

motion *in limine*.   GEICO further argues that since a determination of bad faith is based upon the

"totality of the circumstances", GEICO's payment may be relevant to show that GEICO

complied with its duties under Florida law.

4

While it is accurate that a determination of bad faith is based upon an assessment of the totality of the circumstances, *Berges v. Infinity Ins. Co.*, 896 So.2d 665, 680 (Fla. 2004), the present action solely relates to whether GEICO acted in bad faith in failing to settle the claim within the policy limits.  The payment of a verdict is not a settlement, and is immaterial and irrelevant to the issues presented by this case.  Plaintiff's third motion *in limine* will be granted.

**Plaintiff's Fourth Motion *in Limine* to Exclude Opinion Testimony Regarding Motives or State of Mind [DE 64]**

Plaintiff moves to preclude any witnesses from offering opinions regarding the motives of other persons, particularly Plaintiff and her attorney. [DE 64].  Defendant objects and argues that this motion is seeking to preclude GEICO from introducing evidence regarding whether Plaintiff and her counsel were willing to settle this claim within the applicable policy limits. [DE 77].

Defendant has the right to introduce evidence regarding actions, inactions or statements by Plaintiff or her agents that relate to whether Plaintiff was willing to settle this claim within the applicable policy limits.  However, the Court is concerned about the propriety of allowing opinion testimony, whether from experts or lay witnesses, relative to Plaintiff's willingness or intent to settle the claim within those limits.

Therefore, the Court will grant the motion without prejudice solely as to opinion testimony.  During its opening statement to the jury, Defendant is not to refer to potential opinion testimony.  Should Defendant seek to use this type of testimony during the trial, Counsel shall advise the Court outside the presence of the jury before any such use.

**<u>Plaintiff's Fifth Motion *in Limine* [DE 65]</u>**

Plaintiff seeks to preclude GEICO from presenting evidence, eliciting testimony, or making any references related to Florida Bar Complaints lodged against Plaintiff's attorney in the underlying lawsuit, Kenneth Metnick, or any disciplinary proceedings related thereto. [DE 65]. GEICO responds that Mr. Metnick is expected to testify at trial, and his credibility will be an issue. GEICO argues that this evidence is relevant and proper impeachment evidence. [DE 78].

There are two disciplinary matters raised. The first was approximately twenty years ago. Mr. Metnick was reprimanded because of a verbal argument with another attorney. [DE 65-1 at 2-3]. The Court finds this incident to be irrelevant to the instant action, both substantively and because it is too remote in time. This matter is not probative of Mr. Metnick's credibility or character for truthfulness. The Court will grant the motion as to this matter.

The second incident occurred in 2007. The Complaint by the Florida Bar alleges that Mr. Metnick made statements to a judge "that were false or in reckless disregard of the truth or falsity concerning the qualifications and integrity of [the judge], including, but not limited to the following: "You don't understand the law"; "You are basing your decisions upon the fact of personality and you make faces and you can't do your job as a judge. This is ridiculous."; "You tell me how to do a closing if residency is not an issue. You're a judge. You don't get it. You act like you don't want to be a judge, take the time to read the law. You're trying this like it's nothing. I have been doing this for 20 years. I don't care what you think of me. I do my job; you need to do your job."; "You shouldn't be a judge. You don't want to be a judge. You just quit.

That's what I have to say."[1]

GEICO argues that Mr. Metnick's 2007 admonishment dealt with statements considered by the Florida Supreme Court to be "false or in reckless disregard for the truth or falsity concerning the qualifications and integrity" of a judge.  Therefore, GEICO continues, this matter directly concerns his character for truthfulness. [*Id*. at 5]. Plaintiff notes that the Florida Supreme Court made no such findings of fact, and that this statement comes from the Florida Bar's allegations. [DE 100 at 4].

The Court does not agree with GEICO's characterization of this matter. While outrageous and incredibly rude, the comments Mr. Metnick made to the judge do not bear upon his credibility or character for truthfulness.  Therefore, the Court finds this incident to be irrelevant to the instant action.  This matter is not probative of Mr. Metnick's credibility or character for truthfulness.  The Court will grant the motion as to this matter.

A separate issue is raised, however, by Mr. Metnick's failure to disclose the 2007 reprimand during his deposition in this case.  When asked if he had ever been reprimanded or disciplined by the Florida Bar or Florida Supreme Court, he testified only to the incident 20 years ago. [DE 65-1].  Plaintiff argues that the video of the deposition demonstrates that counsel cut Mr. Metnick's answer short.  Plaintiff also notes that counsel did not ask a follow-up question whether Mr. Metnick had any other issues with the Bar. [DE 100 at 5].

The Court considers it premature to rule whether and to what extent this testimony can be used during the trial.  Nevertheless, the Court has sufficient concerns relative to whether this

---

[1]Although GEICO's responding papers state that this complaint is appended to its papers, it is not.  The complaint can be found in Docket Entry 118-3 in the case pending in this Court styled Janet Prushansky v. Government Employees Insurance Company, 9:12-cv-80556-KAM.

would constitute an improper use of collateral evidence solely for purposes of impeachment under Fed. R. Evid. 608(b), and whether any such evidence, even if probative, is outweighed by the danger of unfair prejudice under Fed. R. Evid. 403, that the motion will be granted without prejudice.  Defendant is not to make reference to this aspect of Mr. Metnick's testimony during its opening statement to the jury.  Should Defendant seek to use this testimony during the trial, Counsel shall advise the Court outside the presence of the jury before any such use.  At that time, the Court will want to view the relevant portion of the videotape of Mr. Metnick's testimony, which was not supplied to the Court as part of either Party's motion papers.

### GEICO Casualty Company's First Motion *in Limine* to Exclude Improper Questioning and/or Testimony by Counsel [DE 66]

GEICO moves to preclude Plaintiff from presenting improper questioning and testimony. [DE 66]. Specifically, GEICO seeks to preclude Plaintiff from making statements or questioning witnesses regarding the standard for bad faith in Florida [*Id*. at 2].

GEICO states that it reasonably expects that Plaintiff will question its adjusters regarding their understanding of the standard for bad faith in Florida. [*Id*. at 4].  GEICO argues that such testimony is impermissible, as lay witnesses cannot testify to legal conclusions.  GEICO further argues that a GEICO adjuster's understanding of what constitutes bad faith under Florida law is irrelevant.  The only issue presented in this case is how the claim was actually handled. [*Id*.].

GEICO also argues that any questioning of experts regarding the bad faith standard in Florida should be limited to the jury instructions. [*Id*. at 4-5].  GEICO expresses its concern that Plaintiff will attempt to mischaracterize Florida law.  By way of example, GEICO points to Plaintiff's expert's deposition, wherein she discussed GEICO's duty to protect its insured. [*Id*. at

5].

Plaintiff responds that descriptions of the legal duties owed by an insurer are necessary to place the witness' testimony in the proper context. [DE 89 at 1-2]. Plaintiff also argues that this questioning would constitute proper impeachment. [*Id*. at 2]. Plaintiff points to Matthew Green's deposition testimony, wherein he testified that he had received training on what an insurer's good faith duties are in Florida, but then testified that those duties do not include resolving claims in the best interest of the insured. Plaintiff states if Mr. Green misunderstands the good faith duties imposed by Florida law, a reasonable jury could infer that he did not act in conformity with those duties. [*Id*.].

Plaintiff states that she does not intend to and has not mischaracterized Florida law, and notes that GEICO's own expert agreed that GEICO owed its insured a fiduciary duty to attempt to protect her from exposure in excess of the policy limits. [*Id*. at 2-3]. Plaintiff objects that GEICO's motion is overly restrictive in attempting to limit Plaintiff's questions to the jury instructions, especially since it is unlikely that the charge will be available prior to the testimony of the experts. Plaintiff says that GEICO's motion should be denied, with objections made at the time of trial, if necessary. [*Id*. at 3].

GEICO replies that as to its adjusters, Plaintiff essentially is attempting to argue impermissible propensity evidence. The Court agrees. It is not relevant what a GEICO adjuster thinks the law is. The jury will apply the law to the facts elicited from the witnesses to determine whether or not there was bad faith. Even if such evidence were relevant, under Fed. R. Evid. 403, testimony by GEICO adjusters as to what they think the law is could confuse the issues and mislead the jury. GEICO's motion will be granted to the extent it requests that Plaintiff be

precluded from questioning lay witnesses regarding the standard for bad faith in Florida.

GEICO addresses Plaintiff's procedural objections to being restricted to the language of the charge in questioning experts by arguing that the charge conference can take place prior to the testimony of the first expert.  In the alternative, GEICO argues that the Parties can use the Jointly Proposed Jury Instruction. [DE 109 at 4].  The Court sees no reason to address *in limine* the exact language to be used by Plaintiff in questioning experts, and will, therefore, deny that portion of GEICO's motion, without prejudice to GEICO raising objections to particular questions at the time of trial.

### GEICO Casualty Company's Second Motion *in Limine* Excluding Evidence Regarding the Impact of Kameran Maharaj's Injuries Allegedly Resulting From the Underlying Accident [DE 67]

GEICO seeks to preclude Plaintiff from presenting evidence, testimony or argument regarding the impact of Kameran Maharaj's injuries stemming from the May 17, 2007 accident. [DE 67].  Plaintiff responds that she has difficulty responding to the motion as it broadly seeks the exclusion of evidence without providing any specific factual testimony that it contends should be excluded.  The Court agrees.  GEICO's motion will be denied without prejudice. GEICO may raise objections at the time of trial to specific testimony that it deems to be improper.

### GEICO Casualty Company's Third Motion *in Limine* Regarding Expert Testimony [DE 69]

GEICO moves to preclude Plaintiff's bad faith expert witness, Susan Kaufman, from testifying, or, in the alternative, to limit her testimony. [DE 69].  GEICO argues that Ms. Kaufman is not qualified to offer opinions about Florida law and whether or not GEICO satisfied its duties thereunder, because she is not an attorney.  [*Id*. at 5-6].  GEICO also argues that the

Court should preclude the introduction of opinions which have no evidentiary support. [*Id*. at ¶¶4-5].

Plaintiff responds that expert testimony will be helpful to the jury, and that courts regularly permit expert testimony in bad faith cases. Although Plaintiff agrees that Ms. Kaufman will not testify to matters that lack evidentiary support, Plaintiff does not agree that this would extend to Ms. Kaufman addressing GEICO's failure to keep its insured apprised of the settlement negotiations it had with Plaintiff. [DE 91].

In reply, GEICO argues that its motion should be granted because Plaintiff did not address GEICO's argument that Ms. Kaufman is not qualified to testify as an expert. GEICO also reasserts its argument that Ms. Kaufman should not be permitted to testify as to GEICO's failure to communicate certain information to its insured. [DE 111].

The Parties also disagree as to whether Ms. Kaufman, if she is permitted to testify, may testify as to the legal implications of GEICO's conduct, thereby addressing the ultimate issue of fact to be decided by the jury.  GEICO argues that this is not permitted, [DE 69 at 4], whereas Plaintiff notes that the rules of evidence do not preclude this type of testimony, [DE 91 at 6].[2]

Nothing before the Court establishes that Ms. Kaufman should be precluded from testifying in this case at this time.  Ms. Kaufman's report indicates that she has been a Florida Licensed All Lines Adjuster since 1986. [DE 69-1 at 1].  Her experience includes 24 years of insurance industry claim handling, including: adjusting claims; technical supervision of high exposure claims; direct handling of high exposure claims; auditing claims for quality control; developing training modules and providing training to claim departments on good faith claim

---

[2]Plaintiff cites to Florida's rule, but the Federal Rules address this as well at Rule 704.

handling. [*Id.*].  She was responsible for the majority of liability bad faith allegations against an insurance company in Florida for approximately eight years, which involved an analysis of the claim file with regard to potential bad faith claims handling; evaluation of the total exposure of the potential bad faith claim; and negotiations and resolution of those claims. [*Id.*]

The Court will not, however, permit any expert to give an opinion as to whether GEICO's actions did or did not constitute bad faith.  Fed. R. Evid. 702(a) states that an expert may testify in the form of an opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 704(a) states: "An opinion is not objectionable just because it embraces an ultimate issue." Even though Rule 704(a) permits this type of testimony, it still must pass muster under the requirements of Rule 702.  As the Eleventh Circuit noted in *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537 (11th Cir. 1990):

> An expert may testify as to his opinion on an ultimate issue of fact. Fed.R.Evid. 704.  An expert may not, however, merely tell the jury what result to reach.  *Id.* at committee notes (merely telling jury what result to reach is not helpful to the jury and therefore is not admissible testimony).  A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law.

898 F.2d at 1541.

The Court finds that opinion testimony from a qualified witness as to the claims handling standards within the insurance industry, and whether or not Defendant's actions met those standards, will help the jury understand the evidence and determine a fact in issue.  The jury does not, however, need any assistance in applying the law to this testimony and making a factual

determination as to whether or not GEICO acted in "bad faith".  Therefore, the Court will not permit such testimony.

The Court does not believe that the Eleventh Circuit case cited by GEICO, *Tardiff v. GEICO Indemnity Co.*, 481 Fed. Appx. 584 (11th Cir. 2012) requires a different result.  While unpublished opinions may be cited as persuasive authority, they are not considered binding precedent.  CTA11 Rule 36-2.  The Eleventh Circuit noted that it was bound to review the district court's decision to exclude expert testimony only for abuse of discretion and noted that "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call . . . ." *Id*. at 586.  The Eleventh Circuit did not hold that expert testimony can never be admitted in a bad faith case, rather, it held that in the case before it, the district court had not abused its discretion by excluding the testimony.

The Court will grant GEICO's motion to the extent that experts will not be permitted to express an opinion that GEICO did or did not act in bad faith, but will deny the rest of GEICO's motion without prejudice. The Court will rule on objections to Ms. Kaufman's testimony at the time of trial.

### GEICO Casualty Company's Fourth Motion *in Limine* Regarding the 2008 Changes to GEICO's Standard Form Release [DE 70]

GEICO moves to preclude Plaintiff from introducing evidence regarding the September 2008 changes that GEICO made to its standard release, removing the indemnity language at issue in this case. [DE 70].  GEICO argues that this evidence is irrelevant, and, in the alternative, any probative value of such evidence is substantially outweighed by its prejudicial effect.  GEICO also argues that this evidence should be precluded as improper evidence of a subsequent remedial

13

measure.

Plaintiff responds that it does intend to introduce evidence of this change. [DE 92]. Plaintiff argues that proof of feasibility is a well-accepted exception to Rule 407. Plaintiff states that she intends to reference the 2008 changes to show the jury that it was feasible for GEICO to remove the indemnification clause. [*Id*. at 6]. Plaintiff also argues that this evidence should be admitted to rebut GEICO's Third and Fourth Affirmative Defenses. [*Id*. at 7]. Finally, Plaintiff argues that she is the one who will be prejudiced if this evidence is excluded. [*Id*. at 7-8].

GEICO replies that it has never refuted that it was feasible to remove the indemnification clause. [DE 112 at 2]. GEICO reiterates that the 2008 changes are irrelevant to the instant action and prejudicial.

Evidence of the 2008 change to the form release is irrelevant to the issue in this case. The issue is not whether or not it was feasible to remove the indemnity language. The issue is whether GEICO refused to remove the release's indemnification language at a point in time when the case could have settled within GEICO's coverage limits, and whether any such refusal demonstrates the failure of GEICO to act in good faith. Nor is such evidence relevant to GEICO's Affirmative Defenses.

The Court further finds that any potential probative value of this evidence is substantially outweighed by the danger of unfair prejudice to GEICO. Fed. R.Evid. 403. To the extent that GEICO made the 2008 change to avoid bad faith claims, it was a subsequent remedial measure covered by Rule 407. As noted above, the feasibility exception to Rule 407 is inapplicable here. GEICO's motion is granted.

14

**GEICO Casualty Company's Fifth Motion *in Limine* to Preclude Plaintiff from Attempting to Utilize Testimony or Evidence From Other Cases to Imply Bad Faith in the Instant Action [DE 71]**

GEICO seeks to preclude Plaintiff from introducing testimony and evidence from other cases and claims in an attempt to prove that GEICO acted in bad faith in this case. GEICO points to Plaintiff's inclusion in her Exhibit List of the deposition and trial transcript of GEICO Adjuster Matthew Green from the *Jaimes v. GEICO* case. GEICO objects that this is a classic example of propensity evidence and should be precluded. GEICO further objects on relevancy grounds. Finally, GEICO argues that any slight probative value is heavily outweighed by the substantial prejudice to it. [DE 71].

GEICO further expects Plaintiff to attempt to elicit testimony or argument regarding the *Prushansky v. GEICO* case currently pending in this Court. *Prushansky* involves a similar issue as to the language of a GEICO release, and the underlying claimant's counsel is also Mr. Metnick. GEICO argues that any such attempt would be irrelevant, immaterial, unduly prejudicial, and would serve to confuse the jury.

Plaintiff responds that she does not intend to introduce any propensity evidence based upon Mr. Green's testimony in *Jaimes*. She says such testimony will be introduced, if necessary, for impeachment purposes as prior inconsistent statements. [DE 93 at 2].

As to *Prushansky*, Plaintiff argues that whether GEICO was willing to remove the indemnification clause from Kameran's release is a central issue in this case. She argues that GEICO's unwillingness to remove the indemnification language from releases in other claims tends to prove their unwillingness to do so in this claim. [*Id.*]. Plaintiff also argues that such evidence is admissible for the purpose of impeachment, as Kathy Wilkins, the GEICO supervisor

15

over this claim, testified at her deposition that "[i]n the claims that my people have been involved with, the removal of that language, when requested by an attorney, has never been refused." [DE 93-1 at 2].

The Court considers it premature to rule whether and to what extent this testimony can be used during the trial.  Nevertheless, the Court has sufficient concerns relative to its admissibility that the motion will be granted without prejudice.  Plaintiff is not to refer to Mr. Green's prior testimony in *Jaimes* or to evidence from the *Prushansky* case during her opening statement to the jury.  Should Plaintiff seek to use this testimony during the trial, Counsel shall advise the Court outside the presence of the jury before any such use.

<u>**GEICO Casualty Company's Sixth Motion *in Limine* Regarding the Use of GEICO's Claims Manuals or Training Materials as Evidence That GEICO Breached its Duty of Good Faith [DE 72]**</u>

GEICO moves to exclude GEICO's claims manual, code of conduct, and training materials as evidence and prohibit Plaintiff from presenting any evidence of deviation by GEICO employees from these policies and procedures. [DE 72].  GEICO argues that any such evidence will mislead the jury and unduly prejudice GEICO.  It argues that whether it followed its own internal policies and procedures is not relevant to the issue in this case of whether GEICO fulfilled its duty of good faith to its insured under Florida law.  GEICO further argues that these items are protected from disclosure as confidential business information pursuant to Section 90.506 Florida Statutes.

Plaintiff responds that the cases relied upon by GEICO did not preclude such evidence, rather, GEICO's motion was denied without prejudice to GEICO objecting at trial. [DE 114]. Regarding GEICO's argument under Section 90.506 Florida Statutes, Plaintiff notes that GEICO

16

has not argued that the information constitutes trade secrets or that Plaintiff would gain a competitive advantage by its disclosure.

Neither Party submitted a copy of the items at issue.  If GEICO's claims manual, code of conduct, and/or training materials impose a higher standard than the law requires, they would be irrelevant and prejudicial.  If GEICO's claims manual, code of conduct, and/or training materials are consistent with what the law requires, they would be redundant and potentially prejudicial. The Court will instruct the jury as to the law's requirements.  If, however, GEICO's claims manual, code of conduct, and/or training materials  call for handling a claim in a manner that does not meet the standard that the law requires, and a witness claims to have adhered to those lesser standards, the document might be relevant.

Because the circumstances under which these items may be admissible are narrow, the Court will grant GEICO's motion without prejudice.  Plaintiff is not to refer to GEICO's claims manual, code of conduct, and training materials, or to any deviation therefrom, during her opening statement to the jury.  Should Plaintiff seek to use this evidence during the trial, Counsel shall advise the Court outside the presence of the jury before any such use.

### GEICO Casualty Company's Seventh Motion *in Limine* Regarding Disciplinary Employment Actions or Inactions Taken Against Matt Green, or any other GEICO Employee, in Relation to this Claim, or Any Other Claim [DE 73]

GEICO's Seventh Motion *in Limine* moves to preclude Plaintiff from presenting evidence, testimony, or argument regarding any disciplinary employment actions or inactions taken against Matt Green, or any other GEICO employee, in relation to the handling of this or any other claim. GEICO points to Plaintiff's Exhibit List, which lists the deposition and trial testimony of GEICO

Adjuster Matthew Green from an unrelated case, *Jaimes v GEICO*. GEICO objects that this is a classic example of propensity evidence and should be precluded.  GEICO further objects on relevancy grounds.  Finally, GEICO argues that any slight probative value is heavily outweighed by the substantial prejudice to it. [DE 73].

Plaintiff agrees that she will not introduce evidence from the *Jaimes* case for the purpose of proving propensity to act or failure to act or that GEICO did or did not take remedial action in response to GEICO having been found by a jury to have acted in bad faith in that action. [DE 95 at ¶1].  Plaintiff says that she does intend to introduce Mr. Green's prior testimony in *Jaimes*, if necessary, for purposes of impeachment as prior inconsistent statements under Fed. R. Evid. 613. *Id*.  Plaintiff further states that documents in Mr. Green's personnel file which reflect on his competence and experience in handling claims are relevant to whether GEICO acted in bad faith. *Id*.

The Court will grant this Motion *in Limine* to the extent that agreement was reached by the Parties.  Any other objections to the use of Mr. Green's prior testimony in *Jaimes* or his personnel file shall be ruled upon at the time of trial once the Court sees how the evidence develops and is introduced.

Accordingly, it is hereby  **ORDERED** and **ADJUDGED** that

1.   Plaintiff's First Motion *in Limine* [**DE 61**] is **GRANTED WITHOUT PREJUDICE** ;

2.   Plaintiff's Second Motion *in Limine* Regarding Expert Testimony [**DE 62**] is **DENIED WITHOUT PREJUDICE**;

3.   Plaintiff's Third Motion *in Limine* and Memorandum of Law Regarding Payment

of the Bodily Injury Liability Policy Limits [**DE 63**] is **GRANTED**;

4.      Plaintiff's Fourth Motion *in Limine* to Exclude Opinion Testimony Regarding Motives or State of Mind [**DE 64**] is **GRANTED WITHOUT PREJUDICE**;

5.      Plaintiff's Fifth Motion *in Limine* [**DE 65**] is **GRANTED IN PART AND GRANTED IN PART WITHOUT PREJUDICE**;

6.      GEICO Casualty Company's First Motion *in Limine* to Exclude Improper Questioning and/or Testimony by Counsel [**DE 66**] is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**;

7.      GEICO Casualty Company's Second Motion *in Limine* Excluding Evidence Regarding the Impact of Kameran Maharaj's Injuries Allegedly Resulting From the Underlying Accident [**DE 67**] is **DENIED WITHOUT PREJUDICE**;

8.      GEICO Casualty Company's Third Motion *in Limine* Regarding Expert Testimony [**DE 69**] is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE**;

9.      GEICO Casualty Company's Fourth Motion *in Limine* Regarding the 2008 Changes to GEICO's Standard Form Release [**DE 70**] is **GRANTED**;

10.      GEICO Casualty Company's Fifth Motion *in Limine* to Preclude Plaintiff from Attempting to Utilize Testimony or Evidence From Other Cases to Imply Bad Faith in the Instant Action [**DE 71**] is **GRANTED WITHOUT PREJUDICE**;

11.      GEICO Casualty Company's Sixth Motion *in Limine* Regarding the Use of GEICO's Claims Manuals or Training Materials as Evidence That GEICO Breached its Duty of Good Faith [**DE 72**] is **GRANTED WITHOUT**

19

**PREJUDICE**;

12.     GEICO Casualty Company's Seventh Motion *in Limine* Regarding Disciplinary

Employment Actions or Inactions Taken Against Matt Green, or any other GEICO

Employee, in Relation to this Claim, or Any Other Claim [**DE 73**] is **GRANTED**

**IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida,

this 12th day of March, 2015.

                                    _____

                                     KENNETH A. MARRA
                                    United States District Judge