UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80582-CIV-MARRA

ANGELA MAHARAJ, as Natural Parent
and Guardian of Kameran Maharaj, a minor,

       Plaintiff,

vs.

GEICO CASUALTY COMPANY,

       Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike GEICO's Amended Trial Exhibit List [DE 138] and GEICO Casualty Company's Motion for Reconsideration [DE 139]. All motions have been fully briefed and are ripe for this Court's review. The Court has reviewed all papers submitted in connection with these motions; the entire file; and is otherwise duly advised in the premises.

## Background

Both motions address this Court's prior Order at DE 127, which decided Plaintiff's Fifth Motion *In Limine* [DE 65]. In the original Motion, Plaintiff sought to preclude GEICO from presenting evidence, eliciting testimony, or making any references related to Florida Bar Complaints and disciplinary proceedings against Plaintiff's attorney in the underlying lawsuit, Kenneth Metnick. GEICO responded that Mr. Metnick is expected to testify at trial, and his credibility will be an issue. GEICO argued that this evidence is relevant and proper impeachment

1

evidence [DE 78].

There were two disciplinary matters raised at that time. The first occurred approximately twenty years ago. It was the Court's understanding that Mr. Metnick was reprimanded because of a verbal argument with another attorney [DE 65-1 at 2-3]. The Court found this incident to be irrelevant to the instant action, both substantively and because it was too remote in time. The Court held that this was not probative of Mr. Metnick's credibility or character for truthfulness. The Court granted Plaintiff's motion as to this matter.

The second incident occurred in 2007. The Complaint by the Florida Bar alleges that Mr. Metnick made statements to a judge "that were false or in reckless disregard of the truth or falsity concerning the qualifications and integrity of [the judge], including, but not limited to the following: "You don't understand the law"; "You are basing your decisions upon the fact of personality and you make faces and you can't do your job as a judge. This is ridiculous."; "You tell me how to do a closing if residency is not an issue. You're a judge. You don't get it. You act like you don't want to be a judge, take the time to read the law. You're trying this like it's nothing. I have been doing this for 20 years. I don't care what you think of me. I do my job; you need to do your job."; "You shouldn't be a judge. You don't want to be a judge. You just quit. That's what I have to say."[1]

GEICO argued that Mr. Metnick's 2007 admonishment dealt with statements considered by the Florida Supreme Court to be "false or in reckless disregard for the truth or falsity concerning the qualifications and integrity" of a judge. Therefore, GEICO continued, this matter

---

[1] The complaint can be found in Docket Entry 118-3 in the case pending in this Court styled *Janet Prushansky v. Government Employees Insurance Company*, 9:12-cv-80556-KAM.

directly concerns his character for truthfulness. [*Id*. at 5]. Plaintiff noted that the Florida Supreme Court made no such findings of fact, and that this statement comes from the Florida Bar's allegations [DE 100 at 4].

The Court did not agree with GEICO's characterization of this matter. While outrageous and incredibly rude, the comments Mr. Metnick made to the judge do not bear upon his credibility or character for truthfulness.  Therefore, the Court found this incident to be irrelevant to the instant action.  This matter is not probative of Mr. Metnick's credibility or character for truthfulness.  The Court granted the motion as to this matter.

A separate issue was raised, however, by Mr. Metnick's failure to disclose the 2007 reprimand during his deposition in this case.  When asked if he had ever been reprimanded or disciplined by the Florida Bar or Florida Supreme Court, he testified only to the incident 20 years ago [DE 65-1].  Plaintiff argued that the video of the deposition demonstrates that counsel cut Mr. Metnick's answer short.  Plaintiff also noted that counsel did not ask a follow-up question whether Mr. Metnick had any other issues with the Bar [DE 100 at 5].

The Court considered it premature to rule whether and to what extent this testimony could be used during the trial.  Nevertheless, the Court had sufficient concerns relative to whether this would constitute an improper use of collateral evidence solely for purposes of impeachment under Fed. R. Evid. 608(b), and whether any such evidence, even if probative, is outweighed by the danger of unfair prejudice under Fed. R. Evid. 403, that the motion was granted without prejudice.  Defendant was instructed not to make reference to this aspect of Mr. Metnick's testimony during its opening statement to the jury.  Defendant was further instructed that should it seek to use this testimony during the trial, Counsel would have to first advise the Court outside

the presence of the jury.  At that time, the Court indicated that it would want to view the relevant portion of the videotape of Mr. Metnick's testimony, which was not supplied to the Court as part of either Party's motion papers.

### Contentions of the Parties

The basis of Plaintiff's current motion is GEICO's recent amendment of its exhibit list to add two documents allegedly relating to Mr. Metnick's disciplinary history [DE 136, DE 138]. Plaintiff argues that this amendment is untimely and in derogation of the Court's prior Order on Plaintiff's Motion *In Limine*, which Plaintiff argues is now the law of this case.

Plaintiff notes that despite this Court's ruling as to the 2007 incident, GEICO's Amended Exhibit List still contains documents relative thereto.  Plaintiff objects to GEICO having also added two new exhibits.  One relates to the 1993 reprimand already ruled upon by the Court, and the second relates to a 2014 bar complaint.  GEICO has advised that it will not refer to the 2014 complaint at trial; therefore, that incident does not need to be addressed by the Court.

As to the 1993 reprimand, GEICO states that new facts have come to light concerning the 1993 complaint.  GEICO argues that Mr. Metnick mis-characterized this incident during his deposition, and that it actually involved "statements in pleadings that were untrue and more importantly known by Metnick to be untrue." [DE 141 at 2 (citing to Report of the Referee & Supreme Court Order, *The Florida Bar v. Kenneth Neal Metnick*, SC80-907)].

GEICO states that this information came to light after briefing was complete on the prior Motion *In Limine* and after the parties had exchanged exhibits pursuant to the Court's scheduling order.  GEICO argues that this new information directly affects the basis upon which this Court previously ruled on the admissibility of this matter.

Plaintiff replies that Exhibit 54 is not newly discovered evidence as defined by caselaw. Plaintiff notes that the Eleventh Circuit has said that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997)[DE 144]. Plaintiff points out that GEICO has not stated when it discovered this report or why it could not obtain it earlier with due diligence.

Plaintiff also argues that the 1993 incident is simply too remote in time to be relevant; that the "new" evidence is not inconsistent with Mr. Metnick's testimony; and that GEICO failed to ask any questions at Mr. Metnick's deposition probing further into this incident [*Id*. at 2-3].

The 1993 and 2007 incidents are also the subject of GEICO's Motion for Reconsideration of the Court's ruling on Plaintiff's Fifth Motion *in Limine* [DE 139]. The arguments raised by the Parties are essentially the same as those raised in connection with Plaintiff's Motion to Strike.

### Discussion

### The 2007 Incident

As noted above, the Court previously ruled that the 2007 incident is irrelevant to the instant action. The Court found that this matter was not probative of Mr. Metnick's credibility or character for truthfulness.

GEICO has submitted nothing new to the Court relative to this incident. In fact, GEICO reasserts the very arguments that the Court previously rejected. GEICO also tries to bootstrap the 2007 incident by trying to somehow link it to the 1993 incident. GEICO states, "in light of the new information regarding Metnick's 1993 Reprimand and his propensity to mischaracterize

5

Florida Bar Complaints lodged against him, it is important that this Court also reconsider Judge Marra's finding related to Metnick's 2007 Florida Bar Admonishment, as the subject of the discipline bears upon Metnick's credibility and character for truthfulness." [DE 139 at 10].

Stating that the discipline in 2007 bears upon credibility and character for truthfulness is a mis-characterization of that outcome.  Upon reconsideration of its prior Order, the Court reaffirms all of its prior holdings relative to the 2007 matter.

### The 1993 Incident

The evidence presented by GEICO relative to the 1993 incident, however, raises more troubling issues.  When reviewing the original Motion *in Limine*, the Court had limited information about this incident.  The Court had none of the underlying documents, rather, all the Court had before it was testimony from Mr. Metnick relative thereto. [DE 65, DE 78, DE 100].[2]

In the deposition testimony that the Court reviewed, Mr. Metnick testified:

> I was trying to get a client money enforce [sic] a settlement and a
> defense attorney felt like there was an improper motion filed and
> we had a verbal argument and he went and told the judge and then
> he filed a bar complaint against me.  I got reprimanded.  I got
> slapped on the wrist.

[DE 139-1 at 2].  Having nothing else before it, the Court concluded that the reprimand was based upon a verbal argument with another attorney.  The Court found this incident to be irrelevant to the instant action, both substantively and because it was too remote in time.  The Court held that this matter was not probative of Mr. Metnick's credibility or character for

---

[2]In contrast, the Court did have the Report of Referee from the 2007 incident.

6

truthfulness.

The Report of Referee now before the Court discloses a very different situation [DE 139-2]. Both in a motion for a charging lien and a motion to enforce a settlement agreement, Mr. Metnick stated that an insurance company had tendered a $100,000 settlement offer to his client, which had been accepted. The Referee found this assertion to be "untrue". *Id*. at 9. The Referee found that these "statements were false and were known by the respondent [Mr. Metnick] to be false when he filed the pleadings." *Id*. at 13.

GEICO presented this information to the Court as new facts having come to light. Facts which were discernable before a motion was decided; however, are not viewed as "new" in this district. As noted in *Mays v. United States Postal Service*, 122 F.3d 43 (11th Cir. 1997), "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Id*. at 46.

GEICO has made no such showing. The only explanation GEICO gives is that it did not look into the incident, because Mr. Metnick mislead GEICO into believing that the matter had related to a verbal altercation with another lawyer [DE 145]. GEICO claims that it was not until Mr. Metnick described the incident somewhat differently in his testimony in another case, *Prushansky v. GEICO*, No. 12-80556-CIV-MARRA (S.D. Fla.), that GEICO decided to investigate the matter. *Id*.

In *Prushansky*, Mr. Metnick testified in his deposition that the matter had related to an altercation with another attorney [DE 145-2 at 2]. At trial, he testified that the matter had to do with "an attorney and a motion." [DE 45, Exhibit C]. There was not, however, any such

7

discrepancy in the testimony in the instant case. In his deposition, Mr. Metnick specifically referred to a motion. He testified on April 24, 2013:

> I was trying to get a client money enforce [sic] a settlement and **a defense attorney felt like there was an improper motion filed** and we had a verbal argument and he went and told the judge and then he filed a bar complaint against me.

[DE 139-1 at 2 (emphasis added)]. This testimony occurred over a year before Plaintiff brought her original Motion *in Limine*. Plaintiff is correct when she points out that GEICO asked no follow up questions [DE 144 at 3].

The Court concludes that this evidence does not satisfy the *Mays* standard. GEICO could have obtained the Referee Report long ago. In fact, it did so as to the 2007 incident. This does not, however, end the Court's inquiry as to whether it should reconsider its prior ruling.

It is well recognized that reconsideration by a court may be appropriate if there is "(1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice." *Wi-Lan Inc. v. HTC Corp.*, 951 F. Supp. 2d 1291 (M.D. Fla. 2013). The Court feels that it would constitute manifest injustice for it not to reconsider its prior ruling in light of the 1993 Referee Report.

The Court would not have ruled as it did had it been aware of the Report at the time it considered the original motion. The Referee's finding that Mr. Metnick made false statements in court filings that he knew to be false is probative of Mr. Metnick's character for truthfulness. The gravity of this finding and its probative value outweighs any potential prejudice under Fed. R. Evid. 403.

Plaintiff's original Motion *in Limine* sought to preclude GEICO from presenting

evidence, eliciting testimony or making any reference to the 1993 Bar matter [DE 65]. In light of the 1993 Referee Report, the Court no longer considers it appropriate to preclude all uses of this information. The issue now becomes how this information may be used at the upcoming trial.

Fed. R. Evid. 608(b) outlines the manner in which this information may be used. This rule states that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> (1) the witness . . . .

The documents to which Plaintiff objects on GEICO's Amended Exhibit List constitute extrinsic character evidence, which cannot be introduced into evidence for any purpose. They will, therefore, be stricken. However, since the Court has found the 1993 disciplinary matter to be probative of Mr. Getnick's credibility and character for truthfulness, GEICO may cross-examine Mr. Metnick as to this matter.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Strike GEICO's Amended Trial Exhibit List [**DE 138**] is **GRANTED**, and GEICO Casualty Company's Motion for Reconsideration [**DE 139**] is **GRANTED**. Upon reconsideration, the Court's prior Order [**DE 127**] is **MODIFIED** consistent with this Opinion. To the extent not

9

modified by this Opinion, all other portions of DE 127 remain unchanged.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of May, 2015.

_____
 KENNETH A. MARRA
United States District Judge